Bridget May it please the court, Kenneth Carpenter appearing on behalf of Ms. Cornell. The Veterans Court in this case erred in affirming the board's decision that the VA's payment of attorney's fees to Ms. Cornell was improper. The VA's decision of May 8, 2012, which is in the appendix at 67 to 68, was that Ms. Cornell met all of the requirements of statute and regulation based upon a correct interpretation of the controlling statute, which is 5904D. That decision was issued on May 8. That decision was mailed to both Ms. Cornell and to Mr. Moberly and included appellate rights notices. The Veterans Court in this case correctly decided that the board's finding that the case did not involve a simultaneously contested claim was incorrect and set that aside. That should have been the end of the appeal. The reason that that should have been the end of the appeal is that there is only one decision by the VA that can be appealed relative to contesting whether or not Ms. Cornell was entitled to those fees. The VA originally decided that she was entitled to those fees, waited 60 days for a notice of disagreement. No notice of disagreement was received. That would have initiated a simultaneously contested claim under the provisions of 7105 capital A. Can I just stop you? Can we just sort of remove ourselves from all the citations or whatever? In this circumstance, the DAB wasn't allowed to get fees. What would have happened hypothetically if she had hired another lawyer, another lawyer that was charging a rate? And so we had two lawyers here, one pot of money for legal fees, and two lawyers disputing which one of them was entitled. Is there any doubt in your mind that the entitlement went to the second lawyer who represented her during this proceeding and not to your client? Yes, there is, Your Honor. I believe that my client was entitled to the fees and that the VA made the correct decision. But to answer your question relative to whether or not it would make any difference if there was a competing attorney, the answer is no, because there is only one way to contest a favorable decision by the VA or an unfavorable decision on the entitlement to fees under 5904. And the issue of entitlement to fees is whether or not you meet the requirements to have the fee that was, excuse me, the past due benefits that were withheld paid by the VA to the representing attorney. The VA made a decision. That decision is subject to review only under the provisions of 7105 A, whether there was another attorney or not. Are you familiar with this circumstance occurring with any sort of frequency? I mean, I'm just trying to get a sense of how often something like this happens, where the VA provides a portion of a veteran's award to an attorney who no longer represents the veteran, and then the attorney withdraws that money. How often does that occur? In my experience, it happens often. I'm not sure how often compares to the total number of cases, but the reality is that because these cases take so long, there is often a discharge of the attorney, either withdrawal, as in this case, or a discharge out of frustration by the veteran, and moving on to potentially another counsel or to being represented by a service organization. What needs to be understood here is that the law is controlled under 5904. 5904 dictates when the secretary is obligated to withhold from past due benefits and pay a fee. The secretary made a 501A decision that Ms. Cornell was entitled to that fee. There is a procedure for the veteran to contest whether that was a correct decision, and that procedure is outlined in 7105 capital A. It is not... Your view is the agency, once it issues its decision, it can never change its mind and realize that it erred. Not under the facts and circumstances of this case, I do not believe, because... If a regional office issues a denial of benefits decision and decides to go back six months, sua sponte, on its own, decides to go back and look at its rating decision on its own without any objection by the veteran or the like, and issues a new decision, you don't think they have the authority to do that? No, they do not, Your Honor. And the reason that... I mean, come on. That is... Why are you making that argument? That's... Because that... Completely against the interests of all the veterans you make. I'm sure the VA, if it goes back and sends out a new award decision saying, look, we made a mistake, we denied based upon these facts, we don't think that that was correct, we're giving a new one. Are you going to say that that's an illegitimate exercise of the Secretary's authority? Yes, I am, Your Honor. And the reason for that is, is that this court decided in Mason that a contest of a fee was a simultaneously contested claim. Now, I... Let me ask you this. Suppose you take on a new client that has previously been represented by an attorney on another separate claim. That attorney already got all the 20% they're entitled from the back due benefits of that claim. You get new benefits for that attorney, or for the veteran. You get new benefits for your new client. Okay. And the VA makes a mistake and pays the 20% to the former attorney. Yes. How do you get back those benefits, your attorney fees? Because clearly, you're not going to just say the VA's decision's okay. Your Honor, that's a terrific hypothetical because therein lies the problem. The VA has, since the Skates decision, been on notice that it's their responsibility to deal with fee decisions in the first instance. That's what happens here. And there are no... Can you answer my question? If the VA makes a mistake, pays the portion of the past due benefits that's owing to the attorney to the wrong attorney, how would you personally seek your money from the VA? I have no remedy. And the reason that I have no remedy is, is that my fee agreements are non-withholding fee agreements. Under 5904... Don't avoid my hypothetical. Let's assume it's the same kind of withholding fee agreement. And the VA improperly pays it over to the wrong person. And they were obligated to pay it to you. How would they do it? I have to file a simultaneously contested claim under 7105, capital A, under this court's decision in Mason. I file a notice of disagreement with the VA. And that starts the process to appeal that unfavorable decision. Even if there's not an attorney on the other side of this dispute, a veteran could file a notice of disagreement saying, I wasn't represented by this attorney. The fees shouldn't have gone to her. I should have gotten 100%. That's correct, Your Honor. Now there... Didn't the veteran file something here? Yes, but he filed it too late. Yeah, but didn't... I mean, aren't they allowed to waive those time deadlines? I do not believe so, Your Honor. There is no statutory or regulatory provision for waiver of that time frame. And Mr. Mo... The VA is allowed to waive almost any time deadline that's not jurisdictional. If you ask for it. But there was never any request for that. They don't have to ask for it. The VA can on its own say, wasn't there a suggestion that he didn't even get this in time? I mean, certainly it was never served on DAV, right? That's correct. That's correct. But... So let's just assume the timeliness issue is out the door, that they can accept an untimely filing if they want to. I can't imagine that this court would ever say some kind of regulatory filing like this is mandatory and jurisdictional, particularly when time to appeal to the Veterans Court is... But what this court has said, that with respect, Your Honor, you are not focused on, is the Mason case that says that when you file such a notice of disagreement, even if it's accepted out of time, then the obligation is on the VA to issue a statement of the case. The VA never issued a statement of the case... So do we still have a pending unadjudicated case then? Because we have a notice of disagreement with no statement of the case? That's what... Do you want us to send it back to the VA to issue a statement of the case, telling your client she owes them this money back? I mean, we can do that. But you can't do that with respect, Your Honor, because the VA took action after the board decision in this case to make Mr. Moberly whole. So both Mr. Moberly has been paid and Ms. Cornell has been paid. There is no longer anything to send back. Well, there's still a pending... Under your view that the VA hasn't properly responded to this disagreement, there's still a pending unadjudicated claim about entitlement to attorney's fees. There is a pending appeal, potentially, and I argued that below when we were put on notice before the oral argument that the VA had not given notice to the DAV. But the fact of the matter is all that would have done is to send it back there for completion of that appeal process for the VA to issue a statement of the case. Can I just ask you this? Has the VA attempted to get this money back from your client? They attempted to do so in December of 2012 by telling... They just sent her a letter, right? That's right. And they told her to pay it to the veteran, not give it back to them. Well, they told her to settle up with the veteran, and that's all they did. Since they've now paid the veteran... Correct. ...have they tried in any way to get this money back from her? No, sir. Why isn't this all moot, then, until they actually try to recoup the money? Because there is a decision by the Veterans Court that says that the board correctly decided the issue, and the board did not correctly decide the issue because the board had no jurisdiction. But there's no real injury until they try to get the money back. You're asking... There most certainly is an injury. There is a published opinion with my client's name on it that says that she improperly accepted a fee that was based upon a made decision that told her that she met all of the requirements. The 60 days went by, and after the 60 days, they sent her the money. And how is she supposed to respond other than to accept the VA at his word? Well, I think, I mean, if she's fulfilling her ethical duty, she's supposed to cover the TDIU proceedings. No, Your Honor, if... In fact, she sent a letter to the Veterans saying, we need to do a new agreement to cover this, so I can... Didn't she? It's in the record. No, no. What's in the record is she sent a letter to the Veterans saying she believed, incorrectly, that there was nothing further to pursue, and that she was withdrawing from further representation. But there's another letter after, there's some discussion after she received the letter. Well, the government can point that to me if you're not aware of it. That's what I read in the record. Do you have a citation? No, I don't. I mean, it's your job to know the record. Yeah, well, and I'm sorry, I do not recall that letter being part of the... I'm not sure if it's a letter or if it was a phone call that's noted. Oh, okay. It's appendix 145, I believe. Where she offered to send... This is in 2012, I think. She offers to send him paperwork to get back on the case. At 145? What I have at 145 is a document dated October 30th from Mr. Moberly that was sent to me by Mr. Knabe. Look at 144. Oh, 144. I'm sorry, I thought you said 145. I received your letter of September 23rd regarding the appeal filed by Katherine Emmett. We can ask the government to clarify. I think there is, I got, my recollection is the same as Judge Hughes. It's on this page at JA 145, fifth paragraph down. It says, the appellant who had closed my file many months earlier contacted my wife by phone and asked us what was going on because she had received money. After realizing we were unaware of this, she said she wanted to send paperwork for me to sign to get her back on the case. We advised her that I already had a representative and would not sign anything. That was the last time we heard from her. And that is a representation by Mr. Moberly of what was supposedly said in a telephone conversation. That is not documentation of what she said other than, and this is apparently strictly from Mr. Moberly about what happened in a phone call. Not something that is documented where she did that. But even if she did do that and had that phone conversation, the point here is, is that there is a final decision that was up until the December 2012 letter not subject to a notice of disagreement. Ms. Cornell had no knowledge of a notice of disagreement before the letter of December 2012. Now, the statute, 7105A. So your concern is that there is a final decision by the court below that says that she is not entitled to keep this money? No. That there is a final decision that says she was entitled to the money. That final decision happened in May of 2012, and she was not put on notice of a notice of disagreement with that decision. I think what you're confusing, Your Honor, is there is a February 2013 decision in which the VA makes a new decision, as Judge Hughes was describing. That is a decision that is in complete opposition to the original decision, which was presumptively final until there was a notice of disagreement. The plain language of 7105B says that upon the filing of a notice of disagreement, all parties in interest will be furnished a statement of the case in the same manner as prescribed in Section 7105. I was talking about the decision of the Court of Appeals for Veterans Claims. Oh, I'm sorry. And it was dated December 2016, and it says that your client is not entitled to keep the $20,000, right? That's correct, Your Honor. And you're saying that is the basis for why your client still has an interest in this case? Yes, Your Honor, because there is no agency decision that was appealed to the board. I understand what your argument is. So what about the ethical obligations for the state of Illinois? Does that apply here, where there's a decision below by the Court of Veterans Claims saying that your client is an attorney who's not eligible to keep this money, these client funds? Well, Your Honor, there has been no ethical complaint filed by Mr. Moberly, by the VA, by anyone else to the ethics people in the state of Illinois based upon the decision of the Veterans Court. That decision of the Veterans Court is not final until this court acts. And this court must find, as a matter of law, that the decision was final. The May 2012 decision was final. You cannot, there is no statutory provision or regulatory provision, no matter how intuitive it would be that the VA would be able to do that, there is no statute or regulation that provides that. And what I was trying to explain to Judge Hughes a moment ago was that since the Skates decision in 2002 that imposed this burden on the VA to make these types of decisions, the VA has not promulgated a single regulation to describe the responsibilities of either the VA or the veteran or the attorney. So there is total confusion in this system. And if we don't go by the rules that are set out by statute, there is no guidance to an attorney or to a veteran as to how to proceed with this. And there isn't a basis for the conclusion that my client unethically received the fee. She has a decision from the VA that said she was entitled to the fee. I see I'm way over my time here. Thank you. We'll restore some rebuttals. Thank you. Good morning, Your Honors. May it please the Court, before I address the procedural issues that Ms. Cornell has raised here, I think it's worth underscoring that the Veterans Court, the Board, and the Regional Office all concluded that Ms. Cornell was not entitled to attorney fees to be paid from her former client's TDIU award because she did not raise or in any way contribute to that award. That decision is a factual finding that's not subject to this Court's review but is amply supported by the record and the statutes and regulations at issue here. Can I just ask you this? I mean, so you get the final decision, the incorrect decision that gave her money. He files a notice of disagreement. It's late, but they excuse that. You issue a new decision. Apparently, you didn't issue a document called a statement of a case to her, which you probably should have, right? But you did issue a letter to her. So, yeah, and maybe it would be helpful to sort of back up and explain the way that in an ideally perfect world, this should have worked. There was the initial letter to both Ms. Cornell and to Mr. Moberly that VA was intending to withhold the 20% from his award. Nothing happens. And then there's the notice that the money is actually going to be paid to her. That notice was not served on Mr. Moberly's new representative. But as Ms. Cornell conceded below and as the Veterans Court found, it was timely if you went by the actual notice to the representative. So any suggestion that the notice of disagreement by Mr. Moberly was untimely and therefore somehow cut off the appeal stream is just simply not premise of this. And that's the only premise that Ms. Cornell has out here. And then afterwards, she complained at some point and the VA issued a new decision. The VA issued a new decision. And that's the decision she complains is illegitimate. So there were two letters that were sent. There was a letter sent in December 2012. Subsequently, and that's the letter where VA says, essentially, you need to resolve this with your former client. Subsequent to that in February, VA issues a new decision that says, we've determined that you're not eligible. Ms. Cornell files a timely notice of disagreement of that. Both parties have the opportunity to present their arguments about whether she was, in fact, eligible. Any procedural misstep that the VA took at that point has been fully remedied by Ms. Cornell. She herself is an attorney. She was represented by counsel. And so then we end up with that being appealed to the board. There's really no question under skates and under this court's jurisdiction that the board had authority to review whether Ms. Cornell was eligible for these fees. Same as the Veterans Court. So to the extent that Ms. Cornell is arguing that there's some sort of problem with the Mr. Moberly's notice of disagreement that the RO found was timely filed and that Ms. Cornell conceded, in fact, at page five of her opening brief, that it was timely filed. So if there's an affirmance in this case, the VA has not yet sought recoupment of the fees that have already been paid out to Ms. Cornell. That is correct. Are they waiting for this issue to be resolved? To some extent, that is probably correct. I don't know that the VA has made any specific determination about how or whether it will do that, but it does have various debt collection procedures that it can use. Do you know what they are? I don't off the top of my head. Well, the VA hasn't gone to her and said you are required to pay back this money or has that? In December 2012, the VA did send a letter saying, well, no. You should send it to the veteran. Yeah, so let me back up. There's no letter at which point the VA said you need to pay this money back to the VA. And again, I think that's in part because Ms. Cornell continues to challenge whether she is, in fact, eligible for these fees. But assuming that the court were to affirm the Veterans Court's decision, then the VA could be free to use whatever debt collection procedures are available to the United States to collect that money were she not to return it to the VA on her own accord. Your friend suggests that this happens all the time. Is the VA aware of this happening on other occasions? Candidly, I think it probably does happen on occasion because there is a fee agreement that's been filed with the VA, and there's not necessarily any. So sometimes the attorney will tell the VA, I'm no longer representing this person, or I'm waiving the fees, or something like that. Or as in the case with Skates, you had two attorneys representing the same client during various portions of the claim. And then there is a question about which attorney gets what percentage, and what's reasonable, and what's not reasonable. It's plainly not reasonable for an attorney who had terminated the attorney-client relationship and whose work contributed in no way to the TDIU claim to continue to have accepted money or to be eligible for any attorney fee award in this case. Well, the policy concern here is evident, and it's from the other end, which is any lawyer taking a case for a veteran now is going to have to look three ways. I mean, if there's a history of this veteran having been, what is someone to do to make sure they don't get caught up in this, and therefore, if they prevail, they won't get attorney's fees? Do they have to go back historically to all the representation that their current client has had? Do they have to look at the VA and make sure there are no outstanding fee agreements on file? To me, that's the problem here, that it would arguably really discourage anyone from ever taking a case, because even if they prevail, they're going to not get the fees because somebody else is going to get them. I'm not sure that that's any... I think it's just a consequence of practicing law and a client who is free to change their counsel if they want to. I think part of the purpose of waiting those 60 days before the 20% is released to the claimant and the attorney and any other interested party to file their notice of disagreement. This is not normal practice if a new attorney takes over representation, that the attorney sends in that representation to the VA? Right. I mean, they should be... I mean, in fact, under this provision, VA can't make any direct payments without that agreement being... So for at least attorneys that are going to have to get paid, that happens. But what about these service organizations? Do they not routinely send in representation agreements saying, we're now representing? They do, and that happened in this case, and it's just an unfortunate... It just didn't get updated in this system. Right. I guess just to add a little further context to the court's inquiry, what we didn't talk about is, of course, that aside from the regional office having jurisdiction to make initial eligibility determinations, the Office of General Counsel also will review fee agreements for excessiveness and reasonableness. And that could also include disputes between two attorneys who may have both participated in providing the client services that led to an award. So again, the notion that the VA has not promulgated regulations identifying who... Which part of VA does what is just simply not... It's simply not true. That's 38 CFR 14.636, as we cited in our brief that provides both what the responsibilities of the OGC is and the responsibility of the agency of original jurisdiction, which in this case is the regional office. For these reasons, we would respectfully request that the court affirm the judgment of the Veterans Court. Thank you. We'll restore three minutes if you need it. Your Honor, the government suggests that any procedural misstep that may have been made was remedied. Hold on. The clock is going in the wrong direction. Three minutes. Three, please. Thank you. The government suggests that any procedural misstep was remedied. But what the government doesn't do is to cite to any authority for that proposition. There is no statute. There is no regulation that was either enacted by Congress or promulgated by the Secretary that addresses the type of procedural misstep that happened in this case. And that procedural misstep was that she was put on notice that she met the requirements and was entitled to the fee and then was sent the fee. Within that, under the appropriate statute, which is 7105 capital A, that statute requires a notice of disagreement within 60 days. No notice of disagreement was received by the VA within that 60 days. So the VA released the money. That is their policy and their procedure. But there is no statutory authority for doing that. That, then, as you correctly observe, Chief Judge Prost, is that policy problem in this case with handling cases on an ad hoc basis to try to correct the problem on the fly. There is a specific statute. And once that statute is triggered by the receipt of a notice of disagreement and they received a notice of disagreement, they were obligated to send all parties of interest, including my client, Ms. Cornell, a statement of the case. That statement of the case then required within 30 days a completion of an appeal with a substantive appeal or a VA Form 9. That never happened. There was no statement of the case in response to that notice of disagreement that was originally sent, or excuse me, that was sent in by the DAV. The statement of the case that was issued in this case was the result of Ms. Cornell having to go to the Veterans Court for a writ of mandamus to compel them to issue a statement of case in response to her notice of disagreement. And instead, they gave a statement of the case in response to Mr. Mobley's notice of disagreement. Even if that statement of case were valid, Mr. Mobley, in order to procedurally complete his appeal, had to file a substantive appeal within 30 days of the receipt of that. Ms. Cornell did on her issues, pointing out what she filed a notice of disagreement with and that Mr. Mobley has not filed a substantive appeal. So procedurally, this case ended when the Board incorrectly determined that this was not a simultaneously contested claim. The Veterans Court got that right. The Veterans Court then proceeded where they had no authority to proceed because there was not a decision that was properly appealed to implicate under 7104 the jurisdiction of the Board for the Board to make a decision. In order to do that, they had to have a statement of the case and a VA-9 following the notice of disagreement that they accepted out of time. Therefore, the VSO attempt to do this didn't succeed. And now Ms. Cornell is faced in a position, as are all other attorneys, of not knowing what the rules are, other than understanding that 7105 controls these types of cases. And it either does or it doesn't. If it does, the Veterans Court was wrong. Thank you. Thank you very much. We thank both sides and the case is submitted. The next case.